IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

DAVID EARL BRITT,                         :
                                          :
            Plaintiff,                    :
                                          :
      v.                                  :
                                          :       No. 5:20-cv-00375-MTT-CHW
WARDEN BENJAMIN FORD,                     :
*et al.*,                                 :
                                          :
            Defendants.                   :
                                          :
_____:

## ORDER OF DISMISSAL

Plaintiff David Earl Britt has filed a complaint seeking to file a class action lawsuit under 42 U.S.C. § 1983 on behalf of himself and the "inmates of the Georgia Department of Corrections." Compl. 1, ECF No. 1. Neither Britt nor any other potential plaintiff has filed a motion for leave to proceed *in forma pauperis*.

The Prison Litigation Reform Act of 1995 (the "PLRA") requires that a prisoner bringing a civil action *in forma pauperis* be responsible for the Court's filing fee. 28 U.S.C. § 1915(b). Additionally, the Eleventh Circuit Court of Appeals has held that prisoners proceeding *in forma pauperis* are not allowed to join together as plaintiffs in a single lawsuit and pay only a single filing fee. Instead, each prisoner must file his own lawsuit and pay the full filing fee. *Hubbard v. Haley*, 262 F.3d 1194, 1198 (11th Cir. 2001) (affirming the district court's dismissal of a multi-plaintiff action under the PLRA on the ground "that each plaintiff had to file a separate complaint and pay a separate filing fee"). As the Eleventh Circuit noted in *Hubbard*, requiring each plaintiff to pay the full

filing fee is consistent with Congress's purpose of imposing costs on prisoners to deter frivolous suits.   *Id.* at 1197-98.

Further, to the extent that Plaintiff Britt seeks to bring these claims as a class action, a *pro se* plaintiff may not represent the interest of other prisoners.   *See, e.g.*, *Wallace v. Smith*, 145 F. App'x 300, 302 (11th Cir. 2005) (per curiam) (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (finding it "plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action")). This same principle prevents a *pro se* Plaintiff, like Plaintiff Britt, from representing some other potential Plaintiffs in this case.   *See Massimo v. Henderson*, 468 F.2d 1209, 1210 (5th Cir. 1972) (per curiam) (affirming dismissal of the portion of a prisoner's complaint that sought relief on behalf of the prisoner's fellow inmates).[1]

Plaintiff Britt is therefore not permitted to bring this action as a class action.   As it does not appear that Plaintiffs' claims would be barred by the applicable statutes of limitations if they are required to refile their claims, the complaint is **DISMISSED WITHOUT PREJUDICE** in its entirety.   Any potential Plaintiff, including Britt, may file a separate complaint, in which he asserts only claims personal to himself, if he chooses to do so.   Each Plaintiff must also either pay the filing fee or submit a proper motion to proceed *in forma pauperis* with his individual complaint.

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

Even if Plaintiff's complaint is considered as being brought solely on his own behalf, Plaintiff has not stated a claim upon which relief may be granted.   Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," the Court is required to conduct a preliminary review of his complaint.   See 28 U.S.C. § 1915A(a) (requiring the screening of prisoner cases) & 28 U.S.C. § 1915(e) (regarding *in forma pauperis* proceedings).   When performing this review, the district court must accept all factual allegations in the complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004).   *Pro se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys," and thus, *pro se* claims are "liberally construed."   *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).   Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."   28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact."   *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted).   The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless."   *Id.* (internal quotation marks omitted).   A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the

3

speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

Initially, Plaintiff asserts that he is being held illegally, but any claim challenging his current incarceration and seeking immediate or early release is not proper in a § 1983 complaint and must, instead, be filed in a habeas corpus action. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.").

Plaintiff's remaining allegations consist of vague and general allegations that he has

4

been subjected to unconstitutional conditions in violation of his rights and has been denied

access to the courts and due process.   These allegations, unsupported by specific facts to

show that any violation of Plaintiff's rights has occurred, are not sufficient to state a claim

for relief.   *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.

Thus, both because Plaintiff cannot file this claim as a class action and because

Plaintiff has not stated a claim for relief on his own behalf, this case is **DISMISSED** in its

entirety **WITHOUT PREJUDICE**.

**SO ORDERED**, this 20th day of October, 2020.


S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT